UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERMARIE BARNES, | |
| Petitioner, | |
| v. | Civil No. 4:24-cv-01441-JPG |
| UNITED STATES OF AMERICA, | Criminal No. 4:19-cr-40001-JPG |
| Respondent. | |

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter comes before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. §2255 (Doc. 1). Barnes filed his petition on June 4, 2024.

On August 11, 2020, Barnes pled guilty to three counts of distribution of crack cocaine. (Doc. 78). On December 1, 2020, he was sentenced to 140 months in prison on all counts. (Doc. 91). No appeal was filed, and judgment became final on December 15, 2020. The judgment was returned executed on April 1, 2021. (Doc. 98).

In his § 2255 petition, Barnes claims that his counsel, Criminal Justice Act appointee William S. Margulis, provided ineffective assistance, in violation of the Fifth and Sixth Amendments to the United States Constitution. He claims his attorney provided ineffective assistance by failing to file a timely notice of appeal in response to errors in Barnes's Presentence Investigation Report (PSR).

Additionally, Barnes claims that President Joe Biden's pardon of simple marijuana possession charges changes his sentence calculation because that possession cannot be issued to enhance his sentence. The Presidential action, Proclamation 10467, was issued on October 6, 2022. Proclamation No. 10467, 87 Fed. Reg. 61441 (Oct. 6, 2022).

Habeas motions pursuant to 28 U.S.C. § 2255 are subject to a statutory one-year limitation period. This period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Where a petitioner does not appeal his criminal conviction, the judgment of conviction becomes final for § 2255 purposes when the time for appealing his sentence expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); *see, e.g., Flores-Torres v. United States*, No. 11-cv-1223, 2011 WL 2461336, at *1 (C.D. Ill. June 21, 2011). Federal Rule of Appellate Procedure 4(b)(1)(A)(i) allowed him 14 days from his sentencing on December 1, 2020, to file a notice appeal.

Here, Barnes's judgment was returned executed on April 1, 2020[1]—more than four years ago—and Presidential Proclamation 10467 was announced on October 6, 2022—nearly two years ago. Whether analyzing his claims as to the notice of appeal or the Presidential proclamation, both of Barnes's claims appear to be beyond the one-year statute of limitations for § 2255's.

While certain extraordinary and compelling circumstances can excuse untimeliness, i.e. equitable tolling, "the threshold necessary to trigger equitable tolling is very high." *Lombardo v.*

---

[1] While the date for filing the notice of appeal for the purposes of finality of judgment was December 15, 2020; as Barnes alleges that his counsel failed to file a timely notice of appeal, even if the Court wished to generously interpret the date of final judgment as the judgment execution date, Barnes's § 2255 still appears long overdue.

*United States*, 860 F.3d 547, 551 (7th Cir. 2017) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). "To qualify for equitable tolling, a petitioner must show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Boulb v. United States*, 818 F.3d 334, 339-40 (7th Cir. 2016)). Barnes has not advanced any argument or provided any reason why he qualifies for equitable tolling, nor has he advanced any argument or provided any reason for why the Court should excuse this untimeliness on alternative grounds. Consequently, Barnes's petition appears to be untimely because it was not filed within the one-year time limit for § 2255's under § 2255(h).

## CONCLUSION

Accordingly, Barnes is hereby **ORDERED** to **SHOW CAUSE** as to why his § 2255 petition should not be dismissed for being untimely no later than **July 22, 2024**. The Government shall have fourteen days to reply to Barnes's response. These briefs should only address the statute of limitations arguments.

**IT IS SO ORDERED.**
**DATED:  June 20, 2024**

                                                                *s/ J. Phil Gilbert*
                                                                **J. PHIL GILBERT**
                                                                **DISTRICT JUDGE**