UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHERMARIE R. BARNES,

    Petitioner,

v.                                       Case No. 3:24-cv-01441-JPG

UNITED STATES OF AMERICA,

    Respondent.

**<u>MEMORANDUM AND ORDER</u>**

    This matter comes before the Court on review of a response, (Doc. 3), to the Court's order to show cause. (Doc. 2). The Petitioner filed his habeas petition pursuant to § 2255 on June 20, 2024. After reviewing his petition, it appeared that his petition was untimely. Thus, the Court entered an order to show cause as to why the petition should not be dismissed for being beyond the one-year statute of limitations for 2255 petitions. The Petitioner's response does not present any valid grounds for allowing his habeas petition to move forward.

    There were two primary claims in Barnes's petition—ineffective assistance of counsel and retroactive change in the law. The Petitioner does not address the ineffective assistance of counsel claims. Accordingly, the Court considers that claim forfeited.

    The Petitioner believes that an alleged retroactive application of a Presidential proclamation impacts his sentence. He claims that "Proclamation 10467 issued on October 6, 2022 is [in] fact retroactive as applied to his circumstance." (Doc. 3). There are several start points for the one-year statute of limitations on § 2255s; the only relevant start point here would be the Proclamation's promulgation date—October 6, 2022. Whether Proclamation 10467 is retroactive is irrelevant; what is relevant is that Proclamation 10467 was issued in October of

2022—nearly *two* years before Barnes filed this petition. The Court need not address whether Proclamation 10467 is sufficient cause for habeas relief because, even if it were, the promulgation of the Proclamation was beyond the one-year statute of limitations. While the statute of limitations is subject to equitable tolling, there is nothing here that would support a finding of equitable tolling. As Barnes has failed to show that his petition is timely, his petition must be dismissed.

Therefore, the Court hereby **DENIES** Barnes's § 2255 petition, and accordingly, **DISMISSES** this case for untimeliness.

**IT IS SO ORDERED.**
**DATED:  March 3, 2025**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**